McNULTY, Judge,
dissenting in part.
I would agree to an affirmance of the judgments and sentences on two of the three charges under which appellant was convicted, i. e., the breaking and entering with intent to commit involuntary sexual battery charge and the cruelty to animals charge; but I would reverse the grand larceny charge and direct that judgment and an appropriate sentence be imposed for pet-it larceny for the reason that the evidence, as a matter of law, is insufficient to support a finding that the value of the property stolen equaled $100 or more.
The property taken from the home of the victim consisted of new toys, purchased a month before the theft for $65, and a clock radio purchased three months before for $69.95, all of which were intended to be used for Christmas gifts. A three year old pocket calculator, having originally cost $129, and a small alarm clock (no value testified to) were also taken. No effort was made to establish the current market value (the essential test) of any of the items as of the time of taking.
The state’s sole argument is that even if the pocket calculator and small alarm clock are discounted, the intended Christmas gifts were purchased just a few months before for a total of $134.95, they were still new and, since it was so near Christmas at the time of taking (December 12), the jury would be entitled to infer that they could be returned to the place of purchase for a full cash refund. I cannot accept that argument. It can only be supported by an impermissible proliferation of inferences.